IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-58,971-06 AND WR-58,971-07






EX PARTE MICHAEL WAYNE MCCOLLUM, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20557 AND 20558 IN THE 336
TH JUDICIAL DISTRICT COURT


FROM FANNIN COUNTY






 Per curiam. 

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated assault, and was sentenced to eighteen years' imprisonment for each charge. The Sixth
Court of Appeals dismissed his appeals because the trial court's certification of Applicant's right to
appeal was not made part of the record on appeal. McCollum v. State, Nos. 06-03-00049-CR and 06-03-00050-CR (Tex. App. - Texarkana, July 29, 2003).

 Applicant contends inter alia that his appellate counsel rendered ineffective assistance
because counsel abandoned the appeals by failing to obtain the trial court's certification after
receiving notice that the appeals would be dismissed if the certification was not made part of the
record within ten days. 

 Applicant also raises a number of other claims relating to his plea proceedings. He alleges,
inter alia, that his trial counsel was ineffective for failing to object to the trial court's entry of an
affirmative deadly weapon finding in one of the two causes. The indictments in the causes do not
contain specific allegations that a deadly weapon was used or exhibited. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's appellate counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact, first as to whether Applicant's pleas to these two
charges were entered as the result of plea agreements, or whether they were open pleas. The trial
court shall supplement the record with copies of the plea papers, including any plea agreement(s), 
written admonishments, stipulations, judicial confessions, and copies of the judgments. The trial
court shall then make findings as to whether appellate counsel attempted to obtain certifications of
Applicant's right to appeal in either of these cases, and if not, why not. If appellate counsel did
request certifications from the trial court, the court shall make findings as to why the certifications
were not made part of the appellate record within ten days of the date upon which the court of
appeals notified appellate counsel, by letter, that the appeals would be dismissed if the certifications
were not made part of the record. The trial court shall make findings as to whether the performance
of Applicant's appellate/trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. 

 The trial court shall also make findings as to whether Applicant was provided with written
notice of the State's intent to seek a deadly weapon finding, and if so, the court shall supplement the
habeas record with a copy of such notice. If there was no written notice provided, the trial court shall
make findings as to whether Applicant had actual notice that a deadly weapon finding would be an
issue in these cases. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 25, 2006

Do not publish